UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-62598-CIV-SCOLA

CHANEL, INC.,

      Plaintiff,

vs.

LUXURYCATCH.COM, *et al.*,

      Defendants.

_____/

**ORDER GRANTING APPLICATION
FOR ENTRY OF PRELIMINARY INJUNCTION**

THIS MATTER is before the Court on Plaintiff's[1] Application for Preliminary Injunction (the "Application for Preliminary Injunction") (ECF No. 17), and upon the Preliminary Injunction Hearing held on February 24, 2014. The Court has carefully reviewed the Motion and the entire court file and is otherwise fully advised in the premises.

By the instant Application, Plaintiff moves for entry of a preliminary injunction against the Partnerships and Unincorporated Associations identified on Schedule "A" hereto (collectively the "Luxurycatch Defendants") for alleged of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a) and (d).

The Court convened a hearing on February 24, 2014, at which only counsel for Plaintiff was present and available to present evidence supporting the Application for Preliminary Injunction (ECF No. 17). The Luxurycatch Defendants have not responded to the Application for Preliminary Injunction, nor made any filing in this case, nor have the Luxurycatch Defendants appeared in this matter either individually or through counsel. Because Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, the Court will grant Plaintiff's Application for Preliminary Injunction (ECF No. 17).

**I.    Factual Background**[2]

The Court bases this Order on the following facts from Plaintiff's Complaint, the Application for Asset Restraint, the Application for Temporary

---

[1] Plaintiff is Chanel, Inc. (referred to herein as "Plaintiff").
[2] The Court's previously entered Findings of Fact and Conclusions of Law set Forth in DE 10 and 15 are incorporated herein by reference.

Restraining Order and Preliminary Injunction (the "Application for TRO"), and supporting evidentiary submissions.

Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. (*See* Declaration of Adrienne Hahn Sisbarro in Support of Plaintiff's *Ex Parte* Applications for Entry of Temporary Restraining Order, Preliminary Injunction (ECF No. 6-7) ("Hahn Decl.") ¶ 4.)  Chanel is the registered owner of the following trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid and incontestable pursuant to 15 U.S.C. § 1065 (collectively, the "Chanel Marks"):

| **Trademark** | **Registration Number** | **Registration Date** | **Class(es)/Goods** |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 – Women's Handbags |
| ⊂⊃ | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-namely, Handbags |
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| ⊂⊃ | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |
| ⊂ | 3,025,934 | December 13, 2005 | IC 018 – Handbags |

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 195,360 | February 24, 1925 | IC 03 - Face powder, perfume, eau de cologne, toilet water, lip stick, and rouge |
| CHANEL (Stylized) | 510,992 | June 14, 1949 | IC 03 - Perfume, eau de toilette, eau de cologne, face powder, bath powder, lipsticks |
| CHANEL | 1,348,842 | July 16, 1985 | IC 03 - Full line of perfumery, cosmetics and toiletries |
| CC | 1,347,094 | July 9, 1985 | IC 03 - Full line of perfumery, cosmetics and toiletries |
| CC | 195,359 | February 24, 1925 | IC 03 - Face powder, perfume, eau de cologne, toilette water, lipstick and rouge |
| COCO | 848,755 | May 7, 1968 | IC 03 – Perfume |
| COCO | 1,464,184 | November 10, 1987 | IC 03 - Body crème and eau de perfume |
| COCO | 1,612,557 | September 11, 1990 | IC 03 - Parfum, eau de toilette, bath gel, powder, body lotion and bath soap |
| COCO MADEMOISELLE | 2,557,185 | April 2, 2002 | IC 03 - Perfumery and cosmetics products, namely eau de parfum and skin moisturizers |
| NO. 5 (Stylized) | 215,556 | July 20, 1926 | IC 03 - Perfume and toilet water |

3

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| NO. 5 (Stylized) | 233,407 | September 27, 1927 | IC 03 - Perfume, toilet water |
| NO. 5 (Stylized) | 422,335 | July 16, 1946 | IC 03 - Perfume, toilet water, and bath Water |
| CHANEL NO. 5 (Stylized) | 701,978 | July 26, 1960 | IC 03 -Perfume, and bath powder |
| CHANCE | 2,003,332 | September 24, 1996 | IC 03 -Perfume, eau de parfum, eau de toilette, body lotion, body cream and shower gel |
| CHANCE | 2,767,311 | September 23, 2003 | IC 03 -Perfumery and cosmetics products, namely eau de toilette and skin moisturizers |
| ALLURE | 2,025,798 | December 24, 1996 | IC 03 -Perfume (parfum), eau de toilette, body lotion, and moisturizer |
| ALLURE HOMME | 2,370,933 | July 25, 2000 | IC 03 - Fragrance and toiletries, namely eau de toilette, after shave, skin moisturizer, personal deodorant, and shower gel for cleaning hair and body |
| BLEU DE CHANEL | 3,874,204 | November 9, 2010 | IC 03 – Perfumery |

The Chanel Marks are registered and used in connection with the manufacture and distribution of high quality luxury goods. (*See* Hahn Decl. ¶ 4; *see also* United States Trademark Registrations of the Chanel Marks at issue ("Chanel Trademark Registrations"), attached as Comp. Ex. A to the Hahn Decl.)

4

Plaintiff retained AED Investigations, Inc., a licensed private investigative firm, to investigate the sale of counterfeit versions of Plaintiff's products by the Luxurycatch Defendants. (*See* Hahn Decl. ¶ 10; Declaration of Eric Rosaler in Support of Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ("Rosaler Decl.") ¶ 3.) Eric Rosaler ("Rosaler"), an officer of AED Investigations, Inc., accessed each of the Internet websites owned by the Luxurycatch Defendants and operating under the Subject Domain Names set forth on Schedule "A" hereto.  Rosaler completed the purchase transactions identified on the following chart:

| Website | Bank -Merchant info | Price | Product Purchased | Card Issuer |
|---|---|---|---|---|
| Luxurycatch.com | WWWLUXURYCATCHCOM 866-4129303 NY - 7606<br>Transaction date: 10/03/2013<br>Card type: Visa<br>Transaction type: Purchases<br>Merchant description: JEWELRY AND WATCH STORES, SILVERWARE<br>Merchant information: 866-4129303, NY<br>Offer ID: GGVHBRBX7 | $1,446.29 | Black Chanel Handbag | Bank of America |
| VILOXI.COM | SALVICCICOM8669650672 866-9650672 NY - 7287<br><br>Transaction date:<br><br>10/29/2013<br><br>Card type: Visa<br>Transaction type: Purchases<br>Merchant description: MISCELLANEOUS APPAREL AND ACCESSORY STORES<br>Merchant information: 866-9650672, NY<br>Offer ID: GGVHBRBX7 | $453.00 | Black Chanel Wallet | Bank of America |
| Zalabara.com | SALVICCICOM8669650672 866-9650672 NY<br>Transaction date:<br>Card type:  Mastercard<br>10/31/2013<br>Merchant Description: Accessories and Apparel Stores | $537.00 | Black Chanel Wallet | HSBC Bank USA, N.A. |

5

| | Approval # 03161B | | | |
|---|---|---|---|---|
| Lascowest.com | WWW.LUXURYCATCH.COM 866-412-9303 NY - 12133<br><br>Transaction date:<br><br>11/04/2013<br><br>Card type: Visa<br>Transaction type: Purchases<br>Merchant description: WOMEN'S ACCESSORY AND SPECIALTY STORES<br>Merchant information: 866-412-9303, NY<br>Offer ID: GGVHBRBX7 | $741.49 | Black Chanel Wallet | Bank of America |
| www.ibuydealz.com | IBUYDEALZ.COM<br><br>Transaction date:<br><br>11/12/2013<br><br>Card type: Visa<br>Transaction type: Purchases<br>Merchant description: FAMILY CLOTHING STORES<br>Merchant information: 855-541-4872 , NY<br>Offer ID: GGVHBRBX7 | $70.50 | Coco Madamoiselle Fragrance | Bank of America |
| catchvintage.com | WWW.LUXURYCATCH.COM BROOKLYN NY<br><br>Transaction date:<br>11/13/2013<br>Card Type:  Mastercard<br>Merchant description: Accessories & Specialty Stores<br>Approval # 01322B | $1,173.29 | Black Chanel Wallet | HSBC Bank USA, N.A. |

| dealzsmart.com | IBUYDEALZ.COM<br><br>Transaction date:<br><br>11/16/2013<br><br>Card type: Visa<br>Transaction type: Purchases<br>Merchant description: FAMILY CLOTHING STORES<br>Merchant information: 855-541-4872 , NY<br>Offer ID: GGVHBRBX7 | $75.75 | Chanel No. 5 Fragrance | Bank of America |
|---|---|---|---|---|
| zarizia.com | IBUYDEALZ.COM<br><br>Transaction date:<br><br>11/18/2013<br><br>Card type: Visa<br>Transaction type: Purchases<br>Merchant description: FAMILY CLOTHING STORES<br>Merchant information: 855-541-4872 , NY<br>Offer ID: GGVHBRBX7 | $112.70 | Chanel Chance Fragrance | Bank of America |

(*See* Rosaler Decl. ¶ 4.) Rosaler's purchases were processed entirely online, and he received confirmation of his purchases via e-mail from and exchanged emails with The Luxurycatch Defendants. (*See id.*)

Thereafter, a representative of Chanel, Adrienne Hahn Sisbarro ("Hahn"), reviewed and visually inspected the web page listing, including images, for the Chanel branded goods purchased by Rosaler via the Defendants' websites as well as the goods themselves, and she determined the items were non-genuine, unauthorized versions of Chanel's genuine products. (*See* Hahn Decl. ¶¶ 12, 13, 14, 15.)

Based on its investigation, Chanel demonstrated the Luxurycatch Defendants have advertised, offered for sale, and/or sold products bearing counterfeits, reproductions, and/or colorable imitations of the Chanel Marks. (*See* Hahn Decl. ¶¶ 11-15; Rosaler Decl. ¶¶ 3-4.) The Luxurycatch Defendants are not now, nor have they ever been authorized or licensed to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of the Chanel Marks. (*See* Hahn Decl. ¶ 9.) Accordingly, this Court entered a Temporary

7

Restraining Order and Preliminary Injunction against the Luxurycatch Defendants. (ECF Nos. 10, 15.)

Thereafter, on December 11, 2013, this Court granted Chanel's Motion to conduct expedited discovery for the purpose of identifying the Luxurycatch Defendants and their assets. In accordance with that Order, Chanel issued a subpoena for records to Bank of America ("BOA"), the bank which issued the credit card used by Rosaler to complete several of the purchases referenced above. On January 24, 2014, Bank of America responded to Chanel's subpoena and produced documents reflecting the financial institutions which processed the payments for each of Rosaler's buys. (*See* Declaration of Stephen M. Gaffigan in support of Plaintiff's *Ex Parte* Application For Entry Of Order Restraining Transfer Of Assets Tied To The Counterfeiting Operation ("Gaffigan Decl. in Support of Application for Asset Restraint") ¶ 2 and Comp. Ex. 1 thereto.) The records produced by BOA reflect that Rosaler's buys made via the websites identified above were processed by Merlin Solutions, LLC ("Merlin") and NCMIC Finance Corporation ("NCMIC"), based in Georgia and Iowa, respectively. (*See id.*) Merlin and NCMIC are each subject to an order of the Court in this case, because they clearly conduct business in Florida as evidenced by the fact that they processed Rosaler's payment transactions, which were initiated in Miami-Dade County. (*See* Rosaler Decl. ¶ 4.) Additionally, Chanel's counsel, via email communications, verified the fact that Merlin and NCMIC each offer merchant services to retailers in the State of Florida. (*See* Gaffigan Decl. in Support of Application for Asset Restraint ¶ 3.)

On February 3, 2014, the Court issued an Order Granting *Ex Parte* Application for Order Restraining Transfer of Assets Tied to the Counterfeiting Operation (ECF No. 20 *SEALED*) and set this matter for a hearing to be held February 24, 2014 (the "Asset Restraint TRO"). Plaintiff served the Asset Restraint TRO on Merlin and NCMIC, as well as Universal Processing Services of Wisconsin, LLC d/b/a Newtek Merchant Solutions ("Newtek") pursuant to NCMIC's response to the Asset Restraint TRO, via each entity's Registered Agent. On February 13, 2014, Newtek provided Chanel's counsel, via email, with its response detailing that funds in the amount of $9,5000.00 had been placed on hold in connection with this matter. Pursuant to the Court's Asset Restraint TRO, Plaintiff provided the Luxurycatch Defendants with notice and copies of the Court's Asset Restraint TRO and Plaintiff's *Ex Parte* Application via e-mail and publication to the Court approved serving site http://servingnotice.com/luxcat/index.html. Thereafter, Certificates of Service were filed confirming service on the Defendants. (ECF Nos. 23 and 24.)

The Court convened a hearing on February 24, 2014 at which only counsel for Plaintiff was present and available to present evidence supporting

8

the Application for Preliminary Injunction. The Luxurycatch Defendants have not responded to the Application for Preliminary Injunction, nor made any filing in this case, nor have the Luxurycatch Defendants appeared in this matter either individually or through counsel.

## II.    Conclusions of Law

The declarations Plaintiff submitted in support of its Application for Preliminary Injunction support the following conclusions of law:

A.    Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through the Luxurycatch Defendants' distribution and sales of products bearing counterfeits and infringements of the Chanel Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Products Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'").

B.    Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

C.    In light of the inherently deceptive nature of the counterfeiting business, and the Luxurycatch Defendants' blatant violation of the federal trademark laws, Plaintiff has good reason to believe the Luxurycatch Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff's Application for Preliminary Injunction is hereby **GRANTED** as follows:

(1)    In accordance with Rue 65 of the Federal Rules of Civil Procedure, 28 U.S.C §1651(a), The All Writs Act, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the Luxurycatch Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies or agencies that engage in the processing or transfer of money and/or real personal property, who receive

actual notice of this order by personal service or otherwise, are restrained and enjoined, to the extent not already done, from transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of the Luxurycatch Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Luxurycatch Defendants, or into or out of any accounts associated with or utilized by any of the Luxurycatch Defendants. This Order includes, but is not limited to, Merlin, NCMIC and Newtek (including all parent, subsidiary or otherwise related entities); and all accounts with any and all financial institution(s) responsible for transferring funds into the same financial institutional account(s) as any of the identified bank accounts subject to this Order that are associated with or made in connection with any of the Luxurycatch Defendants;

(2)     Any financial institution served with a copy of this Order shall, to the extent not already done, within five (5) days of being served, (1) provide Plaintiff's counsel a statement reflecting any accounts at the financial institution(s) subject to this Order and the dollar amount of any assets contained therein and (2) identify all financial institution accounts to which the financial institution served has transferred any monies or other assets from the identified restrained accounts. Such disclosure of the related financial institution account information shall be made without notice to the account owners until further order of this Court. Any financial institution served with a copy of this Order shall maintain this Order and its contents as confidential (including with respect to its affected customer(s)) until further order of this Court;

(3)     This Order shall remain in effect until such further dates as set by the Court or stipulated to by the parties;

(4)     Plaintiff shall maintain its previously posted additional bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which the Luxurycatch Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court;

(5)     This Preliminary Injunction shall remain in effect during the

pendency of this action, or until such further date as set by the Court or stipulated to by the parties.

**Done and ordered** in chambers in Miami, Florida, this 24 day of February, 2014.

**Robert N. Scola, Jr.**
**United States District Judge**

## SCHEDULE "A"
## SUBJECT DOMAIN NAMES

| |
|---|
| luxurycatch.com |
| zalabara.com |
| viloxi.com |
| lascowest.com |
| catchvintage.com |
| ibuydealz.com |
| dealzsmart.com |
| zarizia.com |
| handbag250.com |
| repanduwholesale.com |
| lascowest1.com |